UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HAROLD COSBY JR.,

        Plaintiff,

v.                                                                Case No. 11-C-1036

NORTHEAST WISCONSIN TECHNICAL
COLLEGE, JOHN BAUR, and BOB LOSS,

        Defendants.

**ORDER**

Plaintiff has filed an action against Defendants Northeast Wisconsin Technical College, John Baur, and Bob Loss claiming he was wrongfully discriminated against on account of his race. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has filed the requisite affidavit of indigence. Upon review of the affidavit, I am convinced plaintiff lacks the funds and therefore his motion to proceed *in forma pauperis* will be granted.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Griffin v. Milwaukee County*, 369 Fed. Appx. 741, 743 (7th Cir. 2010). In screening a complaint I must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). With these standards in mind, I now turn to the allegations of the complaint.

Here, Plaintiff alleges that John Baur conspired with another employee to set him up to be fired. More specifically, he contends Baur said things behind his back to make him look bad and falsified his personnel records. Plaintiff notes he is the only one of six employees who was black and the only one who was fired. Plaintiff says he was never told anything negative about his work performance.

These allegations, liberally construed, are sufficient to state a claim for employment discrimination in violation of federal civil rights laws. In essence, Plaintiff claims that he was terminated from his employment despite the fact that he was properly performing his job duties. Compl. at 3 ("Never a complaint about my work in 2 ½ years."). Plaintiff also alleges that he was one of six maintenance employees, the only one who was African-American, and the only one who was terminated. *Id.*

In *McDonnell Douglas Corp. v. Green*, the Supreme Court held that a complainant in a Title VII employment discrimination claim can establish a prima facie case by showing that he (1) belongs to a protected class, (2) met his employer's legitimate performance expectations, (3) suffered an adverse employment action, and (4) was treated worse than similarly situated employees outside the protect. 411 U.S. 792, 802 (1973). Liberally construed, Plaintiff's complaint meets this test. Accordingly, he will be allowed to proceed.

**THEREFORE IT IS ORDERED** that leave to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services, 65 Fed. Reg. 47,859, at 47,862 (Aug. 4, 2000) (to be codified at 28 C.F.R. §§ 0.114(a)(2), (a)(3)). Although Congress requires the court to order service by the U.S. Marshals Service, the U.S. Marshals Service fees are not considered court fees, and Congress has not made any provision for these fees to be waived by the court.

3

Plaintiff must provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

**SO ORDERED** this 23rd day of November, 2011.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
