UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HAROLD COSBY, JR,

        Plaintiff,

  v.                                    Case No. 11-C-1036

NORTHEAST WISCONSIN TECHNICAL
COLLEGE, JOHN BAUR and BOB LOSS,

        Defendants.

**ORDER GRANTING PARTIAL MOTION FOR DISMISSAL**

       Harold Cosby, Jr. filed this pro se action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e against NWTC, his former employer, and two co-employees, John Baur and Bob Loss. Baur and Loss have now moved for dismissal on the grounds that Cosby failed to name them in the charge he filed with the Equal Employment Opportunity Commission (EEOC) and, in addition, because as co-employees they are not liable under Title VII. The motion will be granted.

       In *Maxey v. Thompson*, 680 F. 2d 524 (7th Cir. 1982), the Seventh Circuit held that the failure to name a party in a charge first filed with the EEOC precludes a subsequent lawsuit against those same parties. In *Maxey*, the plaintiff sued the Illinois Department of Revenue and two individual employees. The Seventh Circuit affirmed the district court's dismissal of the individual employees on the ground that they had not been named in the charge filed with the EEOC before commencing their suit. The Court held, "The filing of such a charge is a prerequisite to suit, see 42 U.S.C. s 2000e-5(f)(1), and the suit may be brought only against "the respondent named in the

charge." 680 F.2d at 526. The same principle is applicable here. Having failed to name Baur and Loss in the charge he filed with the EEOC, plaintiff cannot now bring this action against them.

Even if plaintiff had properly named Baur and Loss in his EEOC charge, the result would be there same. This is because supervisors and co-employees are not individually liable under Title VII. As the Seventh Circuit explained in *Williams v. Banning*, "because a supervisor does not, in his individual capacity, fall within Title VII's definition of employer, [the plaintiff] can state no set of facts which would enable her to recover under the statute." 72 F.3d 552, 555 (7th Cir. 1995). This principle is also applicable here. Neither Loss nor Baur are employers within the meaning of Title VII. They are therefore entitled to dismissal.

Accordingly and for the reasons set forth above, defendants' motion for dismissal is granted and defendants John Baur and Bob Loss are dismissed from this action with prejudice. The Clerk is directed to set this matter on the Court's calendar for further scheduling.

**SO ORDERED** this   27th   day of March, 2012.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge